Opinion by
Orlady, J.,
After a full hearing on petition, answer and depositions, the court discharged a rule that it had granted to open a judgment. The execution of the note was denied by the defendant who had signed it by his mark, which was witnessed by a justice of the peace. The original petition alleges that the note was not signed, or delivered, or executed “as an obligation,” and that averment is repeated three times, but that it was simply intended as a memorandum of a proposed deal by which the defendant was to purchase the saloon business of the plaintiff. The testimony clearly shows that the plaintiff’s business was purchased by and was actually delivered to the defendant, who entered into possession of the property and conducted the saloon for five months and subsequently sold it for $740, in cash, which sum he retained without payment-to the plaintiff of any amount. The petition is evasive and contradictory; there is no denial of the actual indebtedness, and the defendant is contradicted by a number of witnesses as to material facts, as well .as by his own conduct. He received the benefit of the note by taking possession of the business on the faith of his note, and should not be permitted to avoid it. The testimony of his witnesses is properly characterized by the learned judge of the court below as “self-stultifying and unconvincing to the last degree, being flatly opposed to the probability based upon his own admitted action.” The plaintiff was corroborated in many particulars, and the court rightly discharged the rule.
The judgment is affirmed.